**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| ROUTE 95 WOOD PRODUCTS, LLC | Case No.: 26-bk-126 |
| Debtor. | Chapter 11 |
| ROUTE 95 WOOD PRODUCTS, LLC, | |
| Plaintiff, | |
| v. | Adv. Proc No. 26-ap-___ |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | |

**COMPLAINT**

ROUTE 95 WOOD PRODUCTS, LLC., (the "Debtor"), by undersigned counsel, hereby files this Complaint to avoid the security interest of the United States Small Business Administration ("SBA") in the assets of the Debtor on the grounds that the security interest held by the SBA is unperfected, or, in the alternative, to value the SBA's security interest in the Debtor. In support of thereof, the Debtor states:

1. On March 1, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code and elected to proceed as a small business debtor under subchapter V of Chapter 11. The Debtor is a West Virginia Corporation with a principal place of business located at 143 Green Tree Dr., Parkersburg, WV 26014.

2. The Debtor continues to operate as a debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

3. The United States Small Business Administration ("SBA") is a governmental agency with a principal place of business of 409 3rd St., SW, Washington, DC 20416.

4. The Court has jurisdiction over this matter under 11 U.S.C. § 1334.

5. This is a core proceeding under 11 U.S.C. § 157.

**BACKGROUND**

6. Before 2022 the Debtor was a resident of the State of Ohio with a principal business address of 435 Silver Globe Rd, Marietta, OH 45750

7. In 2022, the Debtor became a resident of the State of West Virginia with a principal business address of 143 Green Tree Drive Parkersburg, WV 26104. (**Exhibit A**).

8. On or about June 14, 2020, the Debtor executed an agreement with the SBA to obtain $83,500.00, repayable at 3.75% with payments of $407 monthly for 30 years.

9. As collateral for the June 14, 2020 loan, the SBA took a security interest in all property that the Debtor owned or thereafter acquired.

10. On or about August 14, 2021, the June 14, 2020 note was modified. As modified, the Debtor executed an agreement to obtain $434,000.00 repayable at 3.75% with payments of $2,172.00 over a period of 30 years.

11. As collateral for the August 14, 2021 agreement, the SBA took a security interest in all of the Debtor's property then owned or thereafter acquired.

12. On June 28, 2020, the SBA filed a UCC-1 Financing Statement with the State of Ohio, OH00242451865. On June 15, 2025, the SBA filed its continuation statement in the State of Ohio. (**Exhibit B**).

13. The SBA did not file a UCC-1 Financing Statement in the State of West Virginia. (**Exhibit C**).

## COUNT I – AVOIDANCE AND PRESERVATION OF UNPERFECTED SECUIRTY INTEREST UNDER 11 U.S.C. §§ 544 AND 551

14. Each of the above stated paragraphs is incorporated herein by reference.

15. Under 11 U.S.C. § 1184, the Debtor has the power of a trustee under the Bankruptcy Code.

16. Under 11 U.S.C. § 544(a), the Debtor has the rights of a judicial lien creditor holding an unsatisfied execution of judgment.

17. Pursuant to 11 U.S.C. § 106, sovereign immunity is waived with respect to 11 U.S.C. § 544 of the Bankruptcy Code.

18. In 2022, the Debtor relocated from Ohio to West Virginia.

19. Pursuant to W. Va. Code § 46-9-316(a)(2), a security interest perfected pursuant to the law of a foreign state remains perfected for four months after a change of the debtor's location to another jurisdiction.

20. The SBA did not perfect its Ohio security interest in West Virginia within 4 months of the Debtor's relocation.

21. Pursuant to 11 U.S.C. § 544(a)(2), the Debtor may avoid the SBA's security interest in the Debtor's property.

22. Pursuant to 11 U.S.C. § 551, the lien avoided under § 544 is preserved for the benefit of the estate.

**WHEREFORE** the Debtor requests that the Court avoid the security interest of the SBA in the property of the Debtor, treat the SBA as an unsecured creditor in the Debtor's Chapter 11 case, and preserve the lien for the benefit of the Debtor's bankruptcy estate.

## COUNT II – VALUATION OF SECURITY INTEREST, PRIORITY AND EXTENT OF LIENS: SMALL BUSINESS ADMINISTRATION AND AMUR

23. Each of the above stated paragraphs is incorporated herein by reference.

24. As of the petition date, the Debtor valued its personal property at $24,931.00.

25. On information and belief, the SBA holds an unsecured claim against the Debtor. To the extent that the Court determines that the SBA holds a secured claim, the Debtor requests that the SBA's secured claim be valued and that its relative priority be determined by the Court.

**WHEREFORE**, the Debtor requests the SBA be declared to hold an unsecured claim in the Debtor, or if secured, that the value of its security interest does not exceed the value of the Debtor as of the petition date.

ROUTE 95 WOOD PRODUCTS, LLC,

By

/s/ Ryan W. Johnson
Ryan W. Johnson
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003

WV Bar No. 14178
304-212-4950
Johnson.legal.services.pllc@gmail.com
[www.JohnsonLegalServicesPLLC.com](www.JohnsonLegalServicesPLLC.com)